DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No. 2017-21 |
| v. | ) | |
| | ) | |
| | ) | |
| CALVIN BENJAMIN, DEAN THOMPSON, | ) | |
| STEPHEN BERNIER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States of America,*

**Omodare Jupiter, FPD**
**Brendan A. Hurson, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
  *For Calvin Benjamin,*

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
  *For Dean Thompson,*

**Darren John-Baptiste**
St. Thomas, U.S.V.I.
  *For Stephen Bernier.*

**<u>ORDER</u>**

**GÓMEZ, J.**

Before the Court is the motion of the United States to dismiss the Superseding Indictment as to Calvin Benjamin ("Benjamin").

On March 13, 2017, the United States filed a Complaint in Crim. No. 2017-21 charging Benjamin with possession of a controlled substance with the intent to distribute and conspiracy to possess a controlled substance with the intent to distribute. On April 11, 2017, the United States filed an Information charging Benjamin with the same crimes. On May 18, 2017, the Grand Jury returned a two-count Indictment charging Benjamin with conspiracy to possess with intent to distribute narcotics and possession with intent to distribute narcotics.

On July 27, 2017, the Grand Jury returned a four-count Superseding Indictment charging Benjamin with conspiracy to possess with intent to distribute narcotics; possession with intent to distribute narcotics; federal use of communication facility to facilitate a felony; and violations of the Travel Act.

On September 5, 2017, the United States filed an Information in Crim. No. 2017-39 charging Benjamin with one count of conspiracy to distribute and possess with intent to

distribute marijuana. On October 30, 2017, Benjamin pled guilty to the crime charged in that Information. Subsequently, on November 7, 2017, the United States moved to dismiss the Superseding Indictment in Crim. No. 2017-21.

Federal Rule of Criminal Procedure 48(a) ("Rule 48") provides that, before a trial commences, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The words "with leave of court" modify the common law doctrine of *nolle prosequi* and place some limits on a prosecutor's power to unilaterally dismiss a prosecution. *See In re Richards*, 213 F.3d 773, 777 (3d Cir. 2000). Rule 48(a), however, "does not confer unfettered discretion upon courts to resist motions to dismiss." *Id.* Rule 48(a) is primarily intended to protect defendants from prosecutorial harassment. *See Rinaldi v. United States*, 434 U.S. 22, 31 (1977). Accordingly, the Court must exercise its limited discretion in a manner that furthers that purpose. *Id.; see also United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975) ("The exercise of [a prosecutor's] discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.")

The premises considered; it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number 122 is **GRANTED;** and it is further

**ORDERED** that the Superseding Indictment filed on July 27, 2017, is **DISMISSED** as to Calvin Benjamin.

S\_____
**Curtis V. Gómez**
**District Judge**